UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>RANDY D. DYSON,<br><br>         Petitioner. | Criminal Action No. 3:05-CR-214-3<br>Civil Action No. 3:13-CV-733 |

## MEMORANDUM OPINION

THIS MATTER is before the Court on *pro se* Petitioner Randy D. Dyson's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody ("§ 2255 Motion") (ECF No. 101). For the reasons set forth below, the § 2255 Motion is DENIED.

### I. BACKGROUND

#### a. *Factual Background*

As alleged in the Statement of Facts, Randy D. Dyson ("Dyson") along with his co-defendants, David Acevedo ("Acevedo"), Eric Bryant ("Bryant") and Devion Gentry ("Gentry"), robbed the Bob Moates Gun Shop located in Chesterfield County, Virginia. Gentry waited in the "get-away" car while Dyson, Acevedo and Bryant entered the gun store. As Bryant brandished a firearm and ordered the clerk to lie down on the floor, Dyson and Acevedo collected the firearms in the store and placed them in a duffel bag.

#### b. *Procedural Background*

On May 16, 2005, a federal grand jury in the Eastern District of Virginia returned a three-count indictment against Dyson and his three co-defendants, alleging: (1) interference with commerce by violence and aiding and abetting, in violation of 18 U.S.C. §§ 1951 and 2 (count one); (2) use and carry a firearm in crime of violence and aiding and abetting, in violation of 18 U.S.C. §§ 924(c) and 2 (count two); and (3) theft of firearms from a licensed firearms

1

dealer, in violation of 18 U.S.C. § 922(u) (count three).

Dyson entered into a plea agreement with the United States wherein he would plead guilty to counts one and two of the indictment and the United States would move to dismiss count three. On June 1, 2005, Dyson pleaded guilty to counts one and two pursuant to a written plea agreement and accompanying statement of facts. On September 14, 2005, this Court sentenced Dyson to 96 months' imprisonment on count one, and 84 months' imprisonment on count two, to run consecutively, five years' supervised release, a $200 special assessment, and $31,414.19 in restitution.[1] Dyson did not file any post-trial motions or appeal his case.

Dyson filed the present § 2255 Motion on November 1, 2013. In his § 2255 Motion, Dyson alleges four primary grounds for relief:

> Ground One: Ineffective assistance of trial counsel for allowing Dyson's mandatory minimum to be raised from five to seven years for "brandishing" a firearm
>
> Ground Two: The District Court improperly raised Dyson's mandatory minimum sentence after allegedly improper fact-finding in violation of the Due Process Clause and the Sixth Amendment
>
> Ground Three: Dyson is "actually innocent" of the crime of brandishing a firearm
>
> Ground Four: Violation of the Sixth Amendment because Dyson was not charged in the indictment with brandishing, but "found guilty by a preponderance of the evidence" to have participated in the act of brandishing a firearm

The United States filed its response in opposition on December 4, 2013 (ECF No. 103) primarily arguing that Dyson's § 2255 Motion is time-barred. Dyson subsequently filed a reply on January 14, 2014 (ECF No. 107)[2]. The issue is now ripe for review.

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255 ("§ 2255"), a prisoner in federal custody may attack his sentence on four grounds: (1) the sentence violates the Constitution or the laws of the United States; (2) the court lacked jurisdiction to impose the sentence; (3) the sentence exceeded the maximum

---

[1] Dyson was represented by John F. McGarvey ("McGarvey").
[2] This Court granted Dyson's Motion requesting an extension of time to file his reply brief. (*See* ECF Nos. 104, 105.)

authorized by law; or (4) the sentence is otherwise subject to collateral attack. § 2255(a); *see also Hill v. United States*, 368 U.S. 424, 426–27 (1962). A claim which does not challenge the constitutionality of a sentence or the court's jurisdiction is cognizable in a § 2255 motion only if the alleged violation constitutes a "miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185 (1979). To prevail under § 2255, the movant bears the burden of proof by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958); *United States v. King*, 36 F. Supp. 2d 705, 707 (E.D. Va. 1999). A *pro se* petitioner is held to a less exacting standard than an attorney in drafting his petition. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). Therefore, the Court should generously interpret Dyson's factual allegations and legal contentions.

### III. DISCUSSION

Petitions for collateral relief pursuant to § 2255 are subject to a one-year statute of limitations. 28 U.S.C. § 2255(f). Specifically, a petition under § 2255 must be filed within one year after the latest date on which: (1) the judgment against the defendant became final; (2) any impediment to making the motion that was created by the government and violates the Constitution or laws of the United States was removed; (3) the Supreme Court first recognized the right asserted, provided that the right applies retroactively to cases on collateral review; or (4) the facts supporting the defendant's claim could have been discovered through the exercise of due diligence. *Id.* The one-year limitation period has been construed as a statute of limitations rather than a jurisdictional bar. *See Day v. McDonough*, 547 U.S. 198, 205 (2006). Lack of timeliness is an affirmative defense, *United States v. Blackstock*, 513 F.3d 128, 133 (4th Cir. 2008), and subject to equitable tolling, *United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000). A finding of equitable tolling is proper in "'those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation against the party.'" *Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) (quoting *Harris v. Hutchinson*, 209 F.3d 325, 330 (4th Cir. 2000)).

With regards to the first prong of § 2255(f), a judgment becomes final when one of three events occur: (1) the opportunity to appeal the district court's judgment expires; (2) the defendant's opportunity to file a petition for a writ of certiorari from the appellate court expires; or (3) the United States Supreme Court denies the inmate's petition for a writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 524–25, 532 (2003). Here, this Court sentenced and entered judgment against Dyson on September 14, 2005. Dyson had fourteen days from that date to file a direct appeal. *See* Fed. R. App. P. 4(b)(1). Dyson did not file an appeal. Consequently, his sentence became final on September 28, 2005. *See Clay*, 537 U.S. at 527. He therefore had one year from September 28, 2005 to file his § 2255 Motion. 28 U.S.C. § 2255(f). Dyson, however, did not file his instant Motion until November 1, 2013–more than seven years after the one-year statute of limitations had run. As a result, the present § 2255 Motion is certainly time-barred under the first prong of § 2255(f).

As to the third prong of § 2255(f), that being a new right recognized by the Supreme Court and made retroactively applicable to cases on collateral review, Dyson still fails to surpass the statute of limitations. Dyson's Motion centers on the United States Supreme Court's decision in *Alleyne v. United States*, 133 S.Ct. 2151 (2013). Dyson alleges that this opinion created a new retroactive ruling, which allows him to pursue the immediate collateral appeal. However, contrary to Dyson's assertions, although *Alleyne* did announce a new constitutional rule of criminal procedure, the case is not retroactive on collateral review. *See In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013); *Ferranti v. United States*, No. 1:91CR337-A, 2014 WL 2967944, at *2 (E.D. Va. June 30, 2014); *Williams v. United States*, No. 4:09cr00039, 2014 WL 526692, at *4 (W.D. Va. Feb. 7, 2014). *Alleyne* was decided on June 17, 2013. Dyson was sentenced by this Court on September 14, 2005. Therefore, as *Alleyne* is not retroactive, Dyson's instant § 2255 Motion is barred. *See* 28 U.S.C. § 2255(f).

### IV. CERTIFICATE OF APPEALABILITY

A district court that enters a final order denying a § 2255 motion must grant or deny a

4

certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. *Miller-El*, 537 U.S. at 336–38 (citing *Slack*, 529 U.S. at 484). For the reasons stated more fully above, no law or evidence suggests Dyson is entitled to further consideration of his claims. Accordingly, a certificate of appealability is DENIED.

## V. CONCLUSION

For the foregoing reasons, the Court hereby DENIES the § 2255 Motion and DENIES a certificate of appealability.

Let the Clerk send a copy of this Memorandum Opinion to the *pro se* Petitioner and all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Senior U. S. District Judge

ENTERED this ___21st___ day of April 2015.